## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| ROCHELLE E. DESHAY,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | No. 1:24-cv-01037-DH |
| LELAND DUDEK, ACTING<br>COMMISIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br>*Defendant* | §<br>§<br>§<br>§<br>§ | |

### ORDER

Before the Court is Plaintiff Rochelle E. DeShay's appeal of the Social Security Administration's ("SSA") denial of her application for social security disability benefits and all related briefing. Dkts. 1-1; 8; 10; 13; 16. Having reviewed the filings and relevant case law, the Court affirms the decision of the SSA.

### I.   BACKGROUND

Plaintiff Rochelle Deshay filed an application for disability insurance benefits under Title II of the Social Security Act, alleging that she is entitled to benefits due to, among other impairments, "nerve pain in the right rotator cuff shoulder" and "5C and 6C herniated bulging discs." Dkts. 8-2, at 18-20; 8-3, at 4, 9-10. The SSA initially denied Deshay's application and then again on reconsideration. Dkt. 8-4, at 3-5, 16-18. An Administrative Law Judge ("ALJ") also issued Deshay an unfavorable decision after holding a hearing. Dkts. 8-2, at 12, 28, 33-61; 8-4, at 3, 16-18.

First, the ALJ determined that Deshay meets the insured status requirements as listed in the Social Security Act. Dkt. 8-2, at 17. In the second step of her evaluation, the ALJ found that Deshay had not engaged in any substantial gainful

activity since the alleged onset date of her disability. *Id*. Deshay reported income from self-employment in 2022; however, the ALJ concluded that these earnings did not qualify as substantial gainful activity. *Id*.

At step three, the ALJ determined that Deshay had several severe impairments, including degenerative disc disease of the lumbar and cervical spine, degenerative joint disease of the right shoulder with osteoarthritis and tendinitis, and obesity. *Id*. at 18-19. The ALJ also evaluated Deshay's non-severe impairments of anxiety and depression, finding that these impairments caused minimal limitations when considered individually or in combination. *Id*. at 18. At step four, the ALJ determined that Deshay's impairments, individually or in combination, did not meet or medically equal the standards listed in SSA regulations. *Id*. at 20- 21.

The ALJ then calculated Deshay's Residual Functioning Capacity ("RFC") as part of the fifth step in her analysis, determining that Deshay's impairments did not preclude her from engaging in "light work." *Id*. at 21-23. Having determined Deshay's RFC and that Deshay's past relevant work did not require activities outside of Deshay's RFC, the ALJ found Deshay to not be disabled. *Id*. at 26-28. The Appeals Council denied DeShay's request to review the ALJ's decision, which rendered the ALJ's decision the SSA's final decision. *Id*. at 2-7.

Deshay proffers two reasons that the SSA's decision should be vacated and that this case should be remanded for further administrative proceedings. First, she argues that the ALJ failed to consider her mild mental limitations in examining her RFC. Dkt. 10, at 9-12. Second, Deshay contends that the ALJ failed to properly

consider her subjective reports of pain in making the RFC determination. *Id.* at 13-18.

## II. STANDARD OF REVIEW

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine if a claimant is able to engage in "substantial gainful activity" (and therefore if she is disabled) the Social Security Commissioner uses a five-step analysis:

1. a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

2. a claimant will not be found to be disabled unless he has a "severe impairment";

3. a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors;

4. a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and

5. if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

20 C.F.R. § 404.1520; *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017).

A finding of disability or no disability at any step is conclusive and terminates the analysis. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The claimant has the burden of proof for the first four steps; at step five, the burden initially shifts

to the Commissioner to identify other work the applicant is capable of performing. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). Then, if the Commissioner "fulfills his burden of pointing out potential alternative employment, the burden ... shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* (citation omitted). Congress has limited judicial review of the Commissioner's final decision under the Social Security Act to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner correctly applied the relevant legal standards. 42 U.S.C. § 405(g); *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997).

### III. ANALYSIS

Deshay offers two reasons the ALJ here allegedly erred at step five of the analysis in finding that DeShay had the RFC to perform a moderate range of light work. *See* Dkt. 10. First, she argues that the ALJ erred in failing to account for her mild mental limitations. *Id.* at 9-12. Second, she urges that the ALJ did not properly address Deshay's subjective complaints about her conditions. *Id.* at 13-18. The Court will address below each of Deshay's bases for vacating and remanding this case for further administrative proceedings.

### A. The ALJ did not commit reversible error in failing to offer a more-detailed analysis of DeShay's non-severe mental limitations in making an RFC determination.

DeShay first argues that the ALJ erred in failing to address DeShay's "mild mental limitations" in making an RFC determination. Dkt. 10, at 9-12. The SSA responds that, contrary to Deshay's claims, the ALJ in fact "discussed" DeShay's non-

4

severe mental impairments at step five "and reasonably found that the evidence did not support including mental limitations in the RFC." Dkt. 13, at 5 (citing Dkt. 8-2, at 21). In reply, Deshay insists that the SSA failed to identify any "actual explanation as to why [Deshay's] non-severe mental impairments resulted in no limitations in the RFC." Dkt. 16, at 1-2. At step three of her decision, the ALJ found Deshay's mental impairments of depression and anxiety "non-severe" because they "cause no more than 'mild' limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities[.]" Dkt. 8-2, at 19-20 (emphasis in original). At step five, the ALJ stated that she "considered the finding of non-severe mental impairment" in making an RFC determination without providing further analysis of how DeShay's non-severe mental impairment impacted her RFC. Dkt. 8-2, at 25-26.

Deshay cites *Serena G. v. O'Malley*, No. 4:23-cv-3517, 2024 WL 4846214, at *4 (S.D. Tex. Nov. 18, 2024), for the proposition that the ALJ's failure to provide analysis of DeShay's mild mental limitations in making an RFC determination warrants reversal and remand. Dkt. 10, at 11-12. In *Serena*, the district court reversed the ALJ's decision denying benefits and remanded the case where "despite acknowledging that his RFC assessment required a more detailed assessment of [p]laintiff's mental impairments, the ALJ's RFC assessment does not mention mental limitations at all" and such error was prejudicial because "the incorporation of mental limitations into the RFC could very well have resulted in a different outcome." 2024 WL 4846214, at *4-5; *see also Castillo v. Kijakazi*, 599 F. Supp. 3d 483, 488 (W.D.

Tex. 2022) ("[E]ven where—as is the case here—an ALJ finds that a claimant's medically determinable mental impairment isn't severe, the ALJ must still consider its impact when assessing the claimant's residual functional capacity."). *Serena* and *Castillo* thus stand for the premise that an ALJ commits reversible error when she fails to even consider whether mental functional limitations are relevant to an RFC.

Here, the ALJ indicated that she considered DeShay's mental impairments in making an RFC determination, though she did not include the "more detailed assessment" she promised to undertake earlier in her opinion—analysis that is also required by SSA guidelines. Dkt. 8-2, at 20 (acknowledging that "[t]he mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment"); 20 C.F.R. § 404.1520a(c). Still, in contrast to *Serena* and *Castillo*, where the ALJ failed to mention the claimant's non-severe mental impairments at all in making an RFC determination, here the ALJ at least "mention[ed]" DeShay's non-severe mental impairments in stating that she "considered" them as part of the RFC determination. Dkt. 8-2, at 25-26; *Serena*, 2024 WL 4846214, at *4; *Castillo*, 599 F. Supp. 3d at 488 (noting that "the error is the failure to *consider* whether mental functional limitations were warranted" (emphasis in original)). Moreover, the Fifth Circuit has found that an ALJ does not commit reversible error when she declines to consider non-severe mental impairments at step five where, as here, "substantial evidence shows that [a claimant's] mild mental limitations do not significantly affect her ability to work." Dkts. 8-2, at 20-21, 25-26; 8-7, at 40-134, 148-174; 8-8; 8-9; *Jeansonne v. Saul*, 855 F.

App'x 193, 197-98 (5th Cir. 2021); *see also Mayweather v. U.S. Comm'r Soc. Sec. Admin.*, No. 08-cv-0391, 2009 WL 311099, at *2 (W.D. La. Feb. 9, 2009) (noting that where a Fifth Circuit opinion is "unpublished and issued after January 1, 1996, ... it is not precedential ... [b]ut it is certainly of persuasive value."). Because the ALJ here indicated that she did in fact consider DeShay's non-severe mental impairments in making an RFC determination, and substantial evidence supports the ALJ's determination that DeShay's undisputedly mild mental limitations[1] "would not be expected to interfere with her ability to work," the Court finds that the ALJ did not err in failing to offer a more fulsome analysis of DeShay's mental impairments at step five. *See* Dkts. 8-2, at 20-21, 25-26; 8-7, at 40-134, 148-174; 8-8; 8-9; *Jeansonne*, 855 F. App'x at 196-98.

### B. The ALJ properly considered DeShay's subjective reports of pain in making an RFC determination.

DeShay next attacks the RFC determination as faulty because the ALJ did not properly consider DeShay's subjective reports regarding the severity of her pain. Dkt. 10, at 13-18. The SSA responds that the ALJ appropriately weighed DeShay's subjective reports against objective medical evidence in finding that DeShay had the RFC to engage in a limited range of light work. Dkt. 13, at 7-10.

"It is well established in the Fifth Circuit that pain alone can be disabling, even when its existence is unsupported by objective medical evidence if linked to a medically determinable impairment." *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th

---

[1] DeShay does not contest that the ALJ properly found at step three that Deshay's mental impairments result in only "mild" limitations and cause no more than "a minimal limitation in [DeShay's] ability to do basic work activities." Dkts. 8-2, at 19; 10, at 11; 16, at 3.

7

Cir. 1981) (citing *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981)). To be considered disabling, pain must be "constant, unremitting, and wholly unresponsive to therapeutic treatment." *Wren v. Sullivan*, 925 F.2d 123, 128-29 (5th Cir. 1991) (citing *Haywood v. Sullivan*, 888 F.2d 1463, 1470 (5th Cir. 1989)). Since pain alone or in conjunction with other impairments can give rise to a disability, the ALJ must consider subjective evidence of pain as testified to by the claimant—though the ALJ may use her discretion to determine whether the pain is disabling. *Ware*, 651 F.2d at 412; *Jones v. Heckler,* 702 F.2d 616, 621-22 (5th Cir. 1983); *Scharlow*, 655 F.2d at 648 ("How much pain is disabling is a question for the ALJ since the ALJ has primary responsibility for resolving conflicts in the evidence."). An ALJ's "failure to give consideration to the subjective evidence of pain and disability as testified to by the plaintiff is reversible error." *Scharlow*, 655 F.2d at 648.

Here, the ALJ indicated at step five of her evaluation that that she considered DeShay's testimony by outlining it and then concluding that it was "not entirely consistent with the medical evidence and other evidence in the record," such as DeShay's positive responses to medication and physical examinations consistent with an ability to perform certain light work. Dkts. 8-2, at 22-26; 8-7, at 40-134, 148-174; 8-8; 8-9. Contrary to DeShay's argument, then, the ALJ did in fact consider DeShay's subjective reports of pain and used her discretion to determine that—in light of other medical evidence—such pain was not so disabling as to prevent DeShay from engaging in light work. *Id.* at 18-26; *Wren*, 925 F.2d at 129 (affirming the SSA's

decision where "[t]he ALJ considered [claimant's] subjective complaints of pain as evidenced by his written decision").

DeShay also takes issue with the evidence the ALJ relied on in making such a finding, essentially arguing that the ALJ should have interpreted the evidence to support DeShay's subjective reports of consistent pain. Dkt. 10, at 15-18. Yet DeShay's "burden is not to highlight evidence contrary to the ALJ's ruling, but to show that there is no substantial evidence supporting the ALJ's decision." *Jones v. Saul*, No. 4:20-CV-00772-BP, 2021 WL 2895867, at *5 (N.D. Tex. July 9, 2021) (citation omitted); *see also Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (explaining that courts "may not … reweigh the evidence or try the issues de novo"); *Gonzalez v. Astrue*, 231 F. App'x 322, 323 (5th Cir. 2007) ("Determining a claimant's residual functioning capacity is the ALJ's responsibility and [s]he has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence." (citation omitted)). Deshay has failed to make such a showing, and having reviewed the record, the Court finds that the ALJ's RFC determination rests on "more than a mere scintilla" of evidence. Dkts. 8-2, at 21-26; 8-7, at 40-134, 148-174; 8-8; 8-9; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) ("Substantial evidence is more than a mere scintilla and less than a preponderance." (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005))). The Court thus finds that the ALJ properly weighed DeShay's subjective complaints against the other evidence in the record in an making an RFC determination that was supported by substantial evidence.

9

## IV.  CONCLUSION

In accordance with the foregoing discussion, the Court **AFFIRMS** the decision of the Social Security Commissioner. DeShay's appeal is **DISMISSED WITHOUT PREJUDICE**.

Final judgment will issue by separate order.

**SIGNED** June 24, 2025.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE